```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CAIMAN EASTERN MIDSTREAM, LLC,

    Plaintiff,

v.                                        Civil Action No. 5:11CV136
                                                           (STAMP)

DARREN S. WHIPKEY and
DEBBIE L. WHIPKEY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

I.   Background

On or about June 30, 2011, the parties to the above-styled civil action entered into a Pipeline Right-of-Way Agreement ("Agreement"), which purports to grant plaintiff Caiman Eastern Midstream, LLC ("Caiman") a right-of-way to "locate, lay, operate, maintain, repair, replace, and remove one (1) pipeline not to exceed twelve inches (12)" on the Marshall County, West Virginia property ("the Property") of defendants Darren S. and Debbie L. Whipkey ("the Whipkeys"). ECF No. 1 Ex. 1 *1 ¶ 1. The Agreement also purports to provide Caiman with the right of ingress and egress for purposes of "enjoyment and utilization of the rights granted" in the Agreement. Id. In the months following the parties' memorialization of the Agreement, the Whipkeys refused continuing payment from Caiman pursuant to the Agreement, allegedly arguing that the consideration for the right-of-way provided for by the Agreement was insufficient in comparison to the consideration offered in the right-of-way agreements of other landowners in the

area. Counsel for the Whipkeys then contacted Caiman and asserted that the Whipkeys would consider any entry into the Property a trespass.

Following this correspondence, Caiman filed suit in this Court, requesting that this Court declare the Agreement valid and enforceable and enter an injunction against the Whipkeys, enjoining them from interfering with Caiman's exercise of its rights granted under the Agreement. The complaint also asserts a claim for breach of contract as a result of the Whipkeys' refusal to accept the consideration provided for by the Agreement, and refusal to allow Caiman access to the Property pursuant to the Agreement. The Whipkeys answered, asserting that the Agreement is invalid, and also raising counterclaims of fraudulent inducement, negligent misrepresentation, mutual mistake, and trespass. Caiman answered the Whipkeys' counterclaims.

The Whipkeys then filed a motion for judgment on the pleadings, arguing that as a matter of law, the Agreement is invalid and unenforceable pursuant to the statue of frauds. The Whipkeys assert that the Agreement is unenforceable because it inadequately identifies the location of the right-of-way being conveyed, and thus fails to satisfy the statute of frauds requirement that the conveyance of real property be described with reasonable certainty. The parties have fully briefed this motion, and it is now ripe for disposition by this Court. For the reasons

that follow, the Whipkeys' motion for judgment on the pleadings is denied.

## II.  Applicable Law

A motion for judgment on the pleadings is permitted under Federal Rule of Civil Procedure 12(c).  Such a motion is intended as an avenue by which parties may dispose of a case on the basis of the underlying substantive merit of the parties' claims as they are revealed in the formal pleadings "after pleadings are closed, but early enough not to delay trial."  Fed. R. Civ. P. 12(c); 5C Wright & Miller, Federal Practice and Procedure Civil 3d § 1367 (2007).  When considering a motion for judgment on the pleadings pursuant to Rule 12(c), a court should apply the same standard as when considering a motion to dismiss pursuant to Rule 12(b)(6).  See Burbach Broadcasting Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002).

Hence, in assessing a motion for judgment on the pleadings, a court must accept as true the factual allegations contained in the complaint.  Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).  Further, as a general matter, no information outside of the pleadings may be considered.  See Fed. R. Civ. P. 12(d).  However, documents "integral to and explicitly relied on in the complaint" may be considered.  Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

III. Discussion

For purposes of this motion, the Whipkeys argue that the Agreement is not enforceable pursuant West Virginia Code § 36-1-3, because it does not contain a reasonably specific description of the right-of-way purported to be conveyed. The right-of-way description within the Agreement provides:

> The right of way granted by Grantor to Grantee herein shall consist of a permanent width of fifty (50) feet, along a route to be selected by Grantee, over and across the Premises. During temporary periods, Grantee shall have the right to use up to twenty (20) additional feet along and adjacent to said right of way in connection with construction, maintenance, repair, removal, replacement, and/or any other right granted herein, the location of which shall be in the discretion of Grantee. During the initial construction of the pipeline(s) Grantee shall have the right to utilize additional temporary workspace as reasonably necessary at road crossings, waterways or areas with unusual construction problems.

ECF No. 1 Ex. 1 *1.

The Whipkeys assert that the description the right-of-way as "fifty (50) feet wide to be located 'along a route to be selected by Grantee'" along with an additional right-of-way described as "twenty (20) feet wide 'the location of which shall be in the discretion of the Grantee'" is insufficiently defined. ECF No. 26 *4 (quoting ECF No. 1 Ex. 1 *1 ¶ 5). They also point to the description of the "temporary workspace" as "as reasonably necessary" is insufficient under the description requirement of the statute of frauds.

The Whipkeys further maintain that a "Proposed Route" drawing attached to the Agreement ("the Map") constitutes extrinsic

4

evidence because it is not referred to in the Agreement as containing the description of the Property conveyed. They argue that because the provisions of the Agreement are clear, this Court cannot consider this extrinsic evidence in determining the sufficiency of the description of the Property conveyed. Even if this Court were to consider the Map, they maintain that it fails to adequately describe the actual real property conveyed because it is delineated as simply a "Proposed Route" and for use "[f]or discussion purposes only." ECF No. 1 Ex. 1 *3.

Caiman argues that the Whipkeys' reliance upon West Virginia Code § 36-1-3 is misplaced because that code section only applies to contracts for the sale or lease of land, and the Agreement is not such a contract. The proper statutory section to be applied to a pipeline right-of-way, Caiman asserts, is West Virginia Code § 36-3-5a. Caiman maintains that this statutory section specifically says that the description requirement for a right-of-way contract is satisfied by a map depicting the right-of-way. Accordingly, Caiman asserts, in attaching and incorporating the Map, the Agreement meets this requirement. Caiman further contends that, even if the Agreement's description did not satisfy § 36-3-5a, the section specifically provides that an easement or right-of-way "is not invalid" for failure to comply with the requirements of the section.

West Virginia Code § 36-1-3 provides that "[n]o contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some notes or

memorandum thereof be in writing and signed by the party to be charged thereby . . ." In addition to the general requirement that a transfer of real property rights be in writing, the statute also mandates that land conveyed "be so described that it can be identified with a reasonable certainty. The writing must disclose a description which is itself definite and certain or it must furnish the means or key by which the description may be made certain and identified with its location on the ground." 37 C.J.S., Frauds, Statute of, § 184.

West Virginia Code § 36-3-5a, entitled "Easement and right-of-way; description of property; exception for certain public utility facilities and mineral leases[]" requires that:

> [a]ny deed or instrument that initially grants or reserves an easement or right-of-way shall describe the easement or right-of-way by metes and bounds . . . or by reference to an attached drawing or plat . . . Provided, however, that the easement or right-of-way is not invalid because of the failure of the easement or right-of-way to meet the requirements of this subsection.

This Court agrees with Caiman that the Agreement is a right-of-way subject to the description requirements of West Virginia Code § 36-3-5a, and that § 36-1-3 is inapplicable. This Court also agrees that this section provides specific ways in which an easement or right-of-way agreement may satisfy the description requirements of the statute of frauds, and that failure of a right-of-way to satisfy these specific requirements does not result in nullification of the right-of-way. However, West Virginia case law makes clear that the section does not forgive the basic description requirements of the statute of frauds. See Folio and Grandeotto,

6

Inc. v. City of Clarksburg, 655 S.E.2d 143, 147 (W. Va. 2007). Accordingly, if a right-of-way agreement fails to meet the requirements of § 36-3-5a, it must contain a description which is either "certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers. There must be language . . . sufficient to serve as a pointer or a guide to the ascertainment of the location of the [right-of-way]." Highway Properties v. Dollar Sav. Bank, 431 S.E.2d 95, 99 (W. Va. 1993) (quoting Thompson v. Umberger, 19 S.E.2d 484, 485 (N.C. 1942)) (emphasis in original omitted). Still, extrinsic evidence cannot be utilized to contradict the plain language of the description within the writing itself or to supplement any "defect or omission" therein. Meadow River Lumber Co. v. Smith, 30 S.E.2d 392, 397 (W. Va. 1944). Such evidence may only be used to explain and "show[] the circumstances surrounding the conveyance to the same extent only as other ambiguous written instruments may be explained." Id.

That being said, this Court finds that the Agreement satisfies the requirements of West Virginia Code § 36-3-5a and adequately describes the location of the right-of-way sought to be conveyed thereby. The Agreement thus does not violate the statute of frauds. The Whipkeys point to the language within the "Description of the right of way" which asserts that the location of the right-of-way is "to be selected by Grantee" as an insufficient description of the location of the right-of-way purported to be conveyed by the Agreement. In support of this argument, they draw

a connection between this language and a right-of-way description deemed to be insufficient by the West Virginia Supreme Court of Appeals in Folio, 655 S.E.2d 143. In that case, the West Virginia court found that a circuit court had not erred in concluding that a right-of-way location described as "in the discretion of said Grantee to Pike Street over a reasonable route as necessary" was unenforceable as not described with reasonable certainty. Id. at 147-48. This Court agrees that, in line with Folio, the "description" section of the Agreement arguably fails to adequately describe the right-of-way granted, as it does not express the actual location of the right-of-way on the Property.

However, the Whipkeys fail to address an important factual distinction between the Agreement which is the subject of this case, and the relevant agreement in Folio. In Folio, the vague, discretionary location description contained in the Agreement was the only description available. Id. at 145-48. In this case, the Agreement's description is supplemented by an attached map, which is attached to and "made a part" of the Agreement by the second paragraph thereon. ECF No. 1 Ex. 1 *1 ¶ 2. The Map clearly depicts the Property, and also clearly shows the location of the right-of-way on the Property. This location, coupled with the size of the right-of-way described in the description paragraph quite clearly and specifically describes the right-of-way sought to be conveyed by the Agreement. Further, the Map is signed by the Whipkeys and a representative of Caiman.

The Whipkeys argue that the Map cannot serve as a description of the right-of-way granted by the Agreement because it is not referred to within the Agreement "as an exhibit which would define the Property to be conveyed," but rather as depicting the premises upon which the right-of-way would pass. ECF No. 26 *7. This Court disagrees.  It is true that the Agreement does not note the attachment and incorporation of the Map in the section describing the right-of-way.  However, the notation of the attachment of the Map following the Property description is followed by a hand-written clarification, which asserts that the attached map is "showing the subject pipeline Right of Way."  ECF No. 1 Ex. 1 *1 ¶ 2.  This hand-written clarification is signed by the Whipkeys and a representative of Caiman.  While this notation perhaps would have been more appropriately located had it been added to the end of the "Description of right of way" paragraph of the Agreement, it is not this Court's position to inform Caiman of the best way to structure the Agreement.  Rather, it is this Court's position to interpret the plain language of the Agreement with which it is provided, and it is clear from the face of this Agreement, that the Map was intended to depict the location of the right-of-way created thereby.

Further, the Whipkeys argue that the Map does not depict the actual right-of-way, but rather a "Proposed" right-of-way.  They point to the label of the Map, which designates it as "Proposed" and a notation at the bottom of the Map which asserts that it is "For Discussion Purposes Only."  ECF No. 1 Ex. 1 *3.  This Court

acknowledges these designations, but again must draw its attention to the hand-written notation on the Agreement which designates the Map as "showing the subject pipeline right-of-way," as well as to the fact that the Whipkeys and a representative of Caiman signed both the Map and the hand-written notation designating the Map as depicting the location of the right-of-way.  As above-stated, this Court is not charged with instructing the parties to this Agreement as to the best way to draft a right-of-way agreement, but is rather charged with interpreting the one that they have drafted.  Perhaps, after the route was agreed upon by the parties, Caiman should have prepared a new map which was no longer entitled "Proposed Route" and which was no longer designated as "For Discussion Purposes Only."  However, it is clear from the notation in the Agreement, along with the signatures of all parties on both the Map and the notation, that the Proposed Route was agreed upon and intended to become the actual location of the right-of-way.

Finally, this Court finds that the utilization of the Map to supplement the Agreement's description of the right-of-way is appropriate because the Map does not contradict the plain language of the Agreement.  Rather, the Map supplements the Agreement's description with a piece of extrinsic evidence noted within the Agreement.  The description of the right-of-way indicates that the location of the right-of-way would be "selected by [the] Grantee."  ECF No. 1 Ex. 1 *1 ¶ 5.  The Agreement also indicates via a hand-written notation that the location chosen is depicted on an attached map.  Reference to this map describes with particularity

the location chosen, pursuant to the language of the Agreement which allowed Caiman to so choose. Accordingly, the Agreement quite sufficiently provides language which "serves as a pointer or a guide to the ascertainment of the location of the [right-of-way]." Highway Properties, 431 S.E.2d at 99 (quoting Thompson, 19 S.E.2d at 485) (emphasis in original omitted). This Court thus finds that the Agreement is not unenforceable as violating the statute of frauds' description requirement, and thus must deny the Whipkeys' motion for judgment on the pleadings on this basis.

## IV. Conclusion

For the reasons stated above, the defendants' motion for judgment on the pleadings is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     September 5, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE