IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAIMAN EASTERN MIDSTREAM,

        Plaintiff,

v.                                                 Civil Action No. 5:11CV136
                                                              (STAMP)
DARREN S. WHIPKEY and
DEBBIE L. WHIPKEY,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
MOTION TO AMEND AND
DENYING DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
MOTION FOR CONTINUANCE**

I. Background

The plaintiff/counterclaim defendant, Caiman Eastern Midstream, LLC, ("Caiman") filed a complaint in this Court seeking to enforce a pipeline right-of-way agreement allegedly entered into by the parties to this action on June 30, 2011. The defendants/counterclaim plaintiffs ("the Whipkeys") filed an answer, which included four counterclaims: Counterclaim No. I: Fraudulent Inducement; Counterclaim No. II: Negligent Misrepresentation; Counterclaim No. III: Mutual Mistake; and Counterclaim No. IV: Trespass. The Whipkeys also moved for judgment on the pleadings based upon their contention that the right-of-way agreement was invalid and unenforceable under the statute of frauds. This Court denied that motion.

Discovery closed in this matter on August 6, 2012, and the dispositive motions deadline passed on August 20, 2012 without the filing of any dispositive motions. Trial is set to begin on November 7, 2012. However, on September 14, 2012, the Whipkeys filed a motion for leave to file an amended counterclaim, in which the Whipkeys request leave to add further allegations of allegedly misleading or fraudulent statements made to the Whipkeys by Caiman's Land Agent, Andrea McCoy, as well as further allegations of trespass. On September 21, 2012, the Whipkeys also filed a related motion for a continuance, seeking further discovery on the allegations that the Whipkeys seek to add through their motion to amend, and further discovery of Ms. McCoy. These motions are now both fully briefed, and are ripe for disposition. For the reasons that follow, this Court denies both motions.

## II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted

absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

III. Discussion

The February 9, 2012 scheduling order in this case delineated that any amendments to pleadings were to be made on or before **June 4, 2012**. The Whipkeys' motion to amend was filed over three months after this deadline, on September 14, 2012. When a motion to amend a pleading is filed after a scheduling order's deadline for such motions, "a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995); see Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . . [T]he focus of the inquiry is upon the moving party's reasons for

seeking modification." Marcum, 163 F.R.D. at 254 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

In support of this required good cause showing, the Whipkeys assert that the allegations which they seek to add were not discovered by their counsel until the June 28, 2012 deposition of Dale Hall, a defendant/counterclaim plaintiff in the sister case of Caiman Eastern Midstream, LLC v. Hall, Civil Action No. 5:11CV135. The Whipkeys claim that at this deposition, which took place after the period for amendment closed on June 4, 2012, Mr. Hall disclosed that he had discovered additional trespasses not previously included in the Whipkeys' counterclaim. Further, the Whipkeys assert that their counsel (who is also counsel for the Halls) did not learn of the additional alleged untrue statements made by Caiman's Land Agent until Mr. Hall's deposition.

Caiman argues that the Whipkeys have not shown good cause to amend at this late date. In support of this assertion, it maintains that, even by their own admission, counsel for the Whipkeys learned of these claims at the latest, at Mr. Hall's deposition on June 28, 2012. There is no explanation as to why, according to Caiman, the Whipkeys waited nearly three months, until the trial in this matter was a mere few weeks away, to seek to amend, if they became aware in June of the bases for the allegations now sought to be added. Further, Caiman notes that the information regarding these new claims was derived from Mr. Hall,

counsel for the Whipkeys' client in a sister case, who knew of the information long before the amendment deadline. This Court agrees.

Initially, the Whipkeys do not explain why, if they discovered the information regarding the allegations now sought to be added at Mr. Hall's deposition on June 28, 2012, they waited until September 14, 2012 to seek to amend. Nor can this Court surmise such a reason. When the Whipkeys discovered this information at Mr. Hall's deposition, discovery had not yet closed, and the trial in this matter was more than four months away. However, instead of expeditiously moving to amend during pretrial litigation, they instead waited nearly three months--after discovery had closed, the dispositive motions deadline had passed, and just weeks remained before the trial in this matter--to seek to amend. This failure to expeditiously and diligently amend is unexplainable and exhibits a lack of good cause for amendment at this late date.

Further, this Court is not convinced that counsel for the Whipkeys could not have been on notice of the information needed to make these allegations prior to Mr. Hall's deposition and prior to the closure of the period for amendment afforded by the scheduling order. The Whipkeys admit that all of the information made available to counsel at Mr. Hall's deposition, which is now relied upon in the additional allegations, was offered by Mr. Hall himself--who, as stated above, is a client of counsel for the Whipkeys in a sister case. Mr. Hall admitted at his deposition

that he learned the information regarding the additional trespass allegations in the Spring of 2012. This information was thus available to counsel for the Whipkeys prior to the amendment deadline of June 4, 2012.[1]

Further, any information of which Mr. Hall was aware regarding further allegations of untrue statements made by Caiman's Land Agent would have been known by him even before this lawsuit was filed, as all of these allegations are offered to support a claim of fraudulent inducement of the Hall's original signing of the pipeline right-of-way agreement--a claim which was included, and thus known to counsel for the Whipkeys, at the time that the original counterclaims were filed. Accordingly, this information should have been discovered prior to the filing of the Whipkeys' original counterclaims.

The Whipkeys do not offer any explanation for the above-described inadequacies in their claims of good cause. Rather, they only offer a conclusory statement that, because Mr. Hall's deposition did not take place until after the amendment period afforded by the scheduling order, good cause has been shown. As stated above, this assertion is insufficient, given the specific

---

[1] Additionally, in the briefing of these motions, the Whipkeys admit that their counsel became aware "of the deviations from the right-of-way" which are the basis for the additional trespass allegations sought to be added, on June 5, 2012. This Court is unable to discern why they now contend that the information relating to the further trespass allegations was not made available until Mr. Hall's deposition.

6

facts and history of this case, to serve as a showing of good cause. Accordingly, this Court finds that the Whipkeys have failed to show good cause for the delay in requesting to amend their counterclaims.

In addition to the Whipkeys' failure to demonstrate cause for the delay in filing this motion to amend, this Court finds that the bringing of additional allegations merely weeks prior to trial in this matter would prejudice the defendant. The Whipkeys offer a conclusory assertion that no prejudice can occur simply as a result of delay in requesting leave to amend, so Caiman would not be prejudiced by this amendment. However, discovery is closed in this case, as is the deadline for filing dispositive motions, and trial is only a few weeks away. As the Whipkeys acknowledge that the addition of these allegations would require additional discovery--likely to be quite lengthy--and the continuance of the trial in this matter. This constitutes undue prejudice to Caiman, as it has litigated this case for over a year, and has prepared for trial to begin as it was scheduled in the scheduling order.

Further, the interests of judicial efficiency cannot allow for such a late addition of allegations, the bases for which the Whipkeys were aware for over two months prior to seeking an amendment, to so significantly delay the resolution of these

matters.[2] As this case is so near to the scheduled trial date, and discovery has long been closed, this Court, through its discretion in controlling the expeditious resolution of litigation before it, declines to delay this case due to the Whipkeys' untimely desire to add allegations of which they should have been aware long before leave was finally sought. See Link v. Wabash R. Co., 370 U.S. 626, 630 (1962).

The Whipkeys also request a continuance of all pretrial matters, which request would also reopen discovery, for a period of 180 days. In support of this motion, they argue that the additional allegations which they would bring in an amended counterclaim must be pursued, as they were not included in the original discovery period. As a result of this Court's above findings, this basis for a continuance is mooted. However, they also argue that they were afforded insufficient opportunity to conduct discovery with regard to Caiman's Land Agent, Andrea McCoy, as a result of a delayed notification that Ms. McCoy is no longer employed by Caiman, and thus that Caiman is unable to produce documents in Ms. McCoy's possession for the purposes of this litigation. The Whipkeys claim that this information was not disclosed to them until August, requiring the cancellation of Ms. McCoy's deposition, and due to the closure of discovery on August

---

[2]The Whipkeys request a continuance of all pretrial matters for six months.

6, 2012, the Whipkeys' complete inability to conduct discovery relating to Ms. McCoy.  However, again, these matters occurred nearly three months prior to the Whipkeys' request for a continuance, and no explanation is given as to why the motion to continue was not filed until nearly two months following the close of discovery.

Much of the arguments raised by the Whipkeys in support of their motion for a continuance amount to a discovery dispute regarding Caiman's assertion that it could not produce documents in Ms. McCoy's custody.  They argue that Caiman was untimely in voicing its objections to interrogatories and requests for documents, and that the Whipkeys' inability to obtain certain documents has made it impossible for them to depose Ms. McCoy.  However, the Whipkeys never filed a motion to compel, nor did they request an extension of the discovery deadline at the time that the problems relating to the discovery relating to Ms. McCoy surfaced.[3]  The Whipkeys cannot now, so close to trial and so long after the close of discovery, seek to reopen these issues about which they voiced no objection in the past.  Good cause for a continuance has not been shown, and this motion too is denied.

---

[3]It appears from the timeline offered by the parties, that the Whipkeys served Caiman with interrogatories on June 27, 2012, and on August 3, 2012, Caiman informed the Whipkeys that it could not produce the documents in possession of Ms. McCoy.  The motion to continue--this Court's first notification this issue, was not filed until September 21, 2012.

## IV. Conclusion

For the reasons stated above, the Whipkeys' motion for leave to file an amended counterclaim (ECF No. 58) is DENIED.  Further, the Whipkeys' motion for a continuance (ECF No. 60) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 12, 2012

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE